**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7282**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL BOOKER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:11-cr-00258-MOC-DSC-2)

Submitted:  January 20, 2022                          Decided:  January 25, 2022

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Darryl Booker, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Booker seeks to appeal his criminal judgment.  In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4).  Because the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), we generally decline to dismiss an untimely criminal appeal absent a motion from the Government, *United States v. Oliver*, 878 F.3d 120, 129 (4th Cir. 2017).  However, when adjudicating an untimely criminal appeal "would significantly implicate the efficiency and integrity of the judicial process," *id.* at 127, we may exercise our inherent authority to dismiss the appeal sua sponte, *id.* at 128-29.

The district court entered judgment on November 7, 2012.  Booker filed his notice of appeal on August 26, 2021.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).  Because Booker failed to file a timely notice of appeal or to obtain an extension of the appeal period, the appeal is untimely.  Although the Government has not moved to dismiss on timeliness grounds, we conclude that this appeal presents one of the circumstances that warrants sua sponte dismissal, *see Oliver*, 878 F.3d at 128-29, and we therefore dismiss the appeal as untimely.[*]

---

[*] Moreover, Booker already appealed his criminal judgment and may not do so a second time.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*